## O'NEIL COMPANY v MORIN

Ohio Appeals, 9th Dist, Summit Co

No 2200.  Decided July 13, 1932

Lahrmer & Hadley, Akron, for plaintiff in error.

No appearance for defendant in error.

### PER CURIAM

Said plaintiff in error prosecutes error to this court, claiming that, notwithstanding said defendant is a married man, living with his wife and children, and the money earned by him during the 30 days preceding the date of said order was issued is less than $75 and is necessary for the support of himself and family, it (said plaintiff in error) is entitled to 20% thereof under the exemption laws of this state.

With this contention of the plaintiff in error we agree.  §11725 GC (paragraph 6) expressly provides that the total amount which a debtor may claim as exempt out of his earnings for the 30 days prior to the attempt to subject such earnings to the payment of a debt, is 80% when the claim sued upon is for work, labor or necessaries, and 90% upon other claims, but in no event to exceed $75; and we think that the statute, when considered as a whole, clearly provides that when the total amount of the debtor's exemption during such 30 days is less than $75, a creditor is entitled to claim either 10% or 20% of the debtor's earnings, as the facts in the case may justify.

It is the claim of the plaintiff in error that the judgment rendered against said defendant was for necessaries.  This being the case, the plaintiff in error is entitled to have held out of the earnings of said defendant, 20% thereof, the total earnings of said defendant during said 30 days having been less than $75.

The judgment of the Municipal Court is therefore reversed, and the cause remanded for further proceedings according to law.

PARDEE, PJ, WASHBURN and FUNK, JJ, concur.